# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PAMELA T. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 5:17-cv-388-CLS |
| ) | |
| **ROBERT L. BROUSSARD,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela T. Johnson, who is proceeding *pro se*, filed this case on March 13, 2017. Her complaint asserts claims against: Robert L. Broussard, the District Attorney for Madison County, Alabama; Blake L. Dorning, the Sheriff of Madison County; David K. Jernigan, a Madison County Deputy Sheriff; Richard T. Lambruschi, an Alabama State Board of Pharmacy Inspector; and Larry R. Muncey, the former Police Chief of the City of Madison, Alabama.[1] The case currently is before the court on the following pleadings: (1) a motion to dismiss filed by defendants Dorning and Jernigan;[2] (2) a motion to dismiss filed by defendant Broussard;[3] (3) a motion to dismiss filed by defendant Lambruschi;[4] (4) plaintiff's

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 9.

[3] Doc. no. 11.

[4] Doc. no. 16.

motion to amend her complaint for the purpose of adding claims against Spencer Collier and Stan Stabler, two former Secretaries of the Alabama Law Enforcement Agency ("ALEA");[5] (5) plaintiff's motion for intervention;[6] and (6) plaintiff's motion for a restraining order.[7]

## I. STANDARDS OF REVIEW

**A.     Motions to Dismiss**

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked

---

[5] Doc. no. 25.
[6] Doc. no. 28.
[7] Doc. no. 38.

assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

3

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, all other alterations supplied).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "'Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)).

**B.     Motion for Leave to Amend**

Federal Rule of Civil Procedure 15 addresses amended and supplemental pleadings, and states that a court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2) (alteration supplied).

A district court need not, however, allow an amendment (1) where there

has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) *where amendment would be futile*. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962).

*Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (emphasis supplied).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint asserts nine claims. The first is based upon Article I, Section 10 of the United States Constitution, which provides that:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

U.S. Const. art. I, § 10. Plaintiff contends that defendants violated that provision by "enter[ing] into treaties, alliances, and confederation against [her], [and by] granting letters of marque and reprisal against [her] with" the District Attorney and Sheriff of San Diego County, California. Doc. no. 1 (Complaint), ¶ 1, at ECF 8 (alterations supplied).[8] According to plaintiff, those actions constituted "guerilla warfare against

---

[8] "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing"). Bluebook Rule 7.1.4 allows citation to page numbers generated by the ECF header. *The Bluebook: A Uniform System of Citation*, at 21 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010). Even so, the Bluebook recommends against citation to ECF pagination in lieu of original pagination. Consequently, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings. When the court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters "ECF."

[her] without the consent of Congress." *Id.* (alteration supplied).

Plaintiff's second claim alleges that defendants violated Article III, Section 3 of the United States Constitution, which contains two clauses. The first clause states:

> Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court.

U.S. Const. art. III, § 3, cl. 1. The second clause states: "The Congress shall have Power to declare the Punishment of Treason, but no Attainder of Treason shall work Corruption of Blood, or Forfeiture except during the Life of the Person attainted." *Id.*, cl. 2. Plaintiff contends that defendants violated those clauses by levying guerilla warfare upon her, even though she has not committed treason. Doc. no. 1 (Complaint), ¶ 2, at ECF 8.

Plaintiff's third claim alleges that defendants violated the Supremacy Clause of the United States Constitution, which provides that:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Plaintiff contends that defendants violated that clause "with

wanton abandon against [her]" since January 13, 2013, when she moved to Alabama. Doc. no. 1 (Complaint), ¶ 3, at ECF 8. (alteration supplied). She does not provide any factual basis for that assertion, other than stating "[p]olice fifedoms are illegal." *Id*. (alteration supplied).

Plaintiff's fourth claim alleges that defendants violated her rights under the First Amendment to the United States Constitution, *i.e.*:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I. Plaintiff's claim reads as follows:

> USC Amendment I allows me to petition the government for a redress of grievances especially those that restrict in any way my choice to worship and speak as I please and wherever I choose. This guerilla warfare is designed to make me shut up, leave the church in which I worship, that happens to be where the DA, Police Chief, and Deputy attend, and at the very least move out of Alabama and at the very worst commit suicide. I have been chemically attacked at Asbury United Methodist Church on Hughes Rd in Madison and made to stop attending because of it.

Doc. no. 1 (Complaint), ¶ 4, at ECF 8.

Plaintiff's fifth claim asserts that defendants violated her rights under the Fourth Amendment to the United States Constitution, *i.e.*:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not

be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. She contends that defendants violated that provision as follows:

> I claim my house, person, papers, effects, car, workplace, anything that is mine, anywhere I go, anything I do whether at home, or church, or on the road, or at work (I am a pharmacist for Walmart) everything about me is under assault by the DA, Sheriff, Deputy, Police Chief, Pharmacy Inspector and anyone they can convince or command to do the same against me. I haven't done anything wrong and there is no cause or authority under which I and my property are constantly assaulted.

Doc. no. 1 (Complaint), ¶ 5, at ECF 9.

Plaintiff's sixth claim asserts that defendants violated her rights under the Fifth Amendment to the United States Constitution, which provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. She contends that defendants violated that provision by wrongfully depriving her of life, liberty, and property, even though she has not committed any crimes. Doc. no. 1 (Complaint), ¶ 6, at ECF 9.

Plaintiff's seventh claim alleges that defendants violated her rights under the Eighth Amendment to the United States Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. She contends that defendants violated that provision as follows:

> I am being chemically attacked everywhere I am, including traveling while driving, and while trying to fill prescriptions safely for the public, with chemicals designed from my DNA by the FBI that do a variety of things among them being pain infliction, gastrointestinal pain, pain in other places of my body, somnolence while driving, immediate and explosive diarrhea, vaginal itching, insomnia while trying to fall asleep, sleep deprivation, immediate and intense side ache. They also aim a high frequency device at me. Most of all they do could be summed up as Project Paperclip Cointelpro Shenanigans the FBI is famous for.

Doc. no. 1 (Complaint), ¶ 7, at ECF 9.

Plaintiff's eighth claim alleges that defendants have violated the Eleventh Amendment to the United States Constitution, which she construes as providing that the "judicial power of one state cannot be commenced or prosecuted by citizens of another state." *Id.*, ¶ 8, at ECF 10. Actually, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI (alteration supplied). Plaintiff contends that defendants violated that

provision because:

> everything happening to me here in Alabama began in California in San Diego although I committed no wrongs. It was an evil DA and even more evil Sheriff with a lifetime of FBI experience that initiated guerilla warfare against me misusing and abusing his authority, knowledge, and networking to the hilt. I claim they informed the DA and Sheriff here in Alabama to do the same. I claim they have complied more than willingly. All the defendants know each other and the Sheriff, Deputy, and Police Chief have extensive FBI training like the San Diego Sheriff who was the SAC[9] for not only San Diego, but also at Ruby Ridge, ID, and Waco, TX during those atrocities. I claim their culpability designed to murder through suicide.

Doc. no. 1 (Complaint), ¶ 8, at ECF 10.

Plaintiff's ninth claim asserts that defendants have violated her rights under the Fourteenth Amendment to the United States Constitution, which provides, in pertinent part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. Plaintiff contends that defendants have violated that provision by "misus[ing] and abus[ing] their power, authority, knowledge, and networking to hunt me for sport." Doc. no. 1 (Complaint), ¶ 9, at ECF 10. She asserts

---

[9] The court presumes plaintiff intends this acronym to stand for "Special Agent in Charge."

that those violations have been occurring "24/7 since Jan 13, 2013 when I fled San Diego." *Id.*

In addition, plaintiff lodges the following allegations, untethered to any particular claim:

> I claim chemical assault and battery that is non-stop everywhere I am, everywhere I go 24/7 at home, church, work, on the road. I claim they are doing all this to my daughter, Ariana Johnson, now as well and are influencing her teachers to drop her 4.0 gpa she's had since the beginning of 4th grade to make it harder or impossible for her to enter nurse anesthetist school which is very competitive. I claim they bug our homes, computers, phones, cars to <u>listen</u> & <u>see</u> what we are doing even in the <u>bedroom</u>. I claim they stalk us, violate our privacy, break and enter our cars and homes at will. I claim they sideswiped Ariana and have caused me severe and intentional emotional distress. I claim they have and still are indoctrinating our coworkers, bosses, and teachers to do the same. I claim they have taken brake fluid out of my car, changed out my tires so I had to buy more, influence[d] people with whom we affiliate and/or do business. I claim attempted murder by the DA, Sheriff, Deputy, Police Chief, and State Board Inspector whose son lives across the street from me as does DA Broussard's sister Sally Broussard Dobbs, whose husband and son Christopher are also chemically attacking and harassing me — especially Christopher and his louder than normal truck.

Doc. no. 1 (Complaint), at ECF 10 (alteration supplied, underlining in original).

As relief, plaintiff requests: (1) an injunction prohibiting defendants from continuing to engage in the conduct described in her complaint; (2) an injunction requiring the removal of tracking devices, cameras, listening devices, and mold planted by defendants; (3) an injunction requiring defendants to issue letters of

11

apology to her and her daughter; (4) a requirement that defendants "restore to better than new whatever has been damaged because of them," including fixing the mold problem they created at plaintiff's residence; (5) a restraining order requiring defendants to stay a minimum of ten miles away from plaintiff and her daughter; (6) an order changing all of her daughter's "B" grades to "As," and directing her daughter's teachers to stop making her classes more difficult; (7) an order that "all defendants be charged with and tried for attempted murder"; (8) an order that defendants "reveal the source and distribution of the chemical agents used" against her and her daughter, and that they cease using such agents; (9) an order relieving all defendants of duty and preventing them from holding future public office; (10) an order relieving defendants of their weapons and preventing them "from ever purchasing weapons even for hunting"; and (11) a total of one billion dollars in compensatory and punitive damages.[10]

### III. DISCUSSION

Defendants Dorning, Jernigan, Broussard, and Lambruschi assert that plaintiff's claims against them should be dismissed because the allegations of her complaint "are simply not plausible."[11] Defendants rely upon the Eleventh Circuit's decision in

---

[10] *Id.* at ECF 11-12.

[11] Doc. no. 10 (Brief in Support of Motion to Dismiss of Sheriff Blake L. Dorning and Chief Deputy David K. Jernigan), at 6; doc. no. 12 (Brief in Support of Motion to Dismiss of District Attorney Robert L. Broussard). *See also* doc. no. 16 (Motion to Dismiss Filed on Behalf of Richard

12

*Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991), holding that "a district court may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Id.* at 515. The *Cofield* decision addressed the claims of a *pro se* plaintiff proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915,[12] *Cofield*, 936 F.2d at 514-15, but its holding does not need to be limited to that context. As another district court within this Circuit has held in an unpublished, but nonetheless persuasive opinion:

> Dismissal under such circumstances has been extended to situations in which a litigant paid the court's filing fees. In such a

---

T. Lambruschi), at ¶ 3 ("The Complaint fails to include factual allegations plausibly giving rise to the Plaintiff's entitlement to any relief.").

[12] The relevant portion of 28 U.S.C. § 1915 is currently found at subsection (e), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). On the date of the Eleventh Circuit's decision in *Cofield,* the relevant language was found in subsection (d) of 28 U.S.C. § 1915. *See Cofield,* 936 F.2d at 515 ("A district judge, under the statute, 'may dismiss [a] case . . . if satisfied that the action is frivolous or malicious.'") (quoting 28 U.S.C.A. § 1915(d)) (alteration and ellipsis in original); *see also Rolle v. Barkett*, No. 410-CV-00153-MP-AK, 2010 WL 2402901, at *1 (N.D. Fla. June 15, 2010) ("28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.").

situation, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D. N.Y.1993), *affirmed* 41 F.3d 1500 (2nd Cir.1994).

> The policies arguing against *sua sponte* Rule 12(b)(6) dismissals do not apply in these circumstances. The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . . If this Court cannot order *sua sponte* dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss *sua sponte* any complaint under the Rule. I do not think that is the law.

*Tyler*, 151 F.R.D. at 540. Plaintiff in the case at bar has presented conclusory allegations that are clearly baseless and are frivolous. No Defendant should be put to the expense of answering such a complaint, and there is no reason to permit Plaintiff to file an amended complaint. Therefore, summary dismissal of this action is appropriate pursuant [to] Fed. R. Civ. P. 12(b)(6).

*Rolle v. Barkett*, No. 410-CV-00153-MP-AK, 2010 WL 2402901, at *1-2 (N.D. Fla. June 15, 2010) (Paul, J.) (second alteration supplied, first alteration and ellipsis in original).

Similarly, here, plaintiff's conclusory allegations are clearly baseless, and her claims are frivolous. Because dismissal here will not be *sua sponte*, but upon motion of the defendants, plaintiff has been provided even more process than the plaintiff in *Rolle*. There is no reason to require defendants to expend additional time and money

defending claims that cannot possibly succeed. Moreover, there is no reason to allow plaintiff the opportunity to amend her complaint, because any amendment would be futile. Finally, the court finds that the dismissal should also apply to plaintiff's claims against defendant Larry R. Muncey, even though Muncey has not filed a motion to dismiss. The claims against Muncey would be due to be dismissed for the same reasons as plaintiff's other claims, so there is no point in retaining Muncey's claims and requiring him to later go through the act of filing a separate motion to dismiss.[13]

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that defendants' motions to dismiss are GRANTED, and all of plaintiff's claims against all defendants are DISMISSED with prejudice. Plaintiff's motion for leave to amend her complaint is DENIED. Plaintiff's motions for intervention and for a restraining order are DENIED. Costs are taxed to plaintiff. The Clerk is directed to close this file.

---

[13] Moreover, even if plaintiff's claims against Muncey were not due to be dismissed on the merits, they would be due to be dismissed *without prejudice* for failure to serve. This court entered an order on May 17, 2017, quashing plaintiff's attempt to serve Muncey with a copy of the summons and complaint. Doc. no. 33. The court ordered plaintiff to serve Muncey "in full compliance with Rule 4 of the Federal Rules of Civil Procedure on or before June 16, 2017, *and provide proof of service to the court*, or her claims against Muncey may be dismissed for failure to serve." *Id.* at 3 (emphasis supplied). As of the date of this order, plaintiff has not offered any proof that she has accomplished service on Muncey.

DONE this 22nd day of June, 2017.

_____
United States District Judge